**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rena Cook,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | CV 14-02408-TUC-DCB (JR)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff Rena Cook brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff presents two issues on appeal: whether the Administrative Law Judge (ALJ) failed to accord the appropriate weight to examining physician testimony; whether substantial evidence supports the ALJ's findings on her ability to concentrate and remember; whether substantial evidence supports the ALJ's evaluation of lay-witness statements; and whether the ALJ

1

properly evaluated Plaintiff's credibility. Pending before the court is an Opening Brief filed by Plaintiff (Doc. 18), the Commissioner's Brief (Doc. 22), and Plaintiff's Reply Brief (Doc. 23). Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends that the District Court, after its independent review, remand this case for further proceedings.

I.     BACKGROUND

   A.     First Application

Plaintiff filed an application for DIB in February 2005, alleging disability since January 14, 2005. R. at 270. The Social Security Administration denied Plaintiff's application for DIB initially and upon reconsideration. R. at 270. Plaintiff requested a hearing before an ALJ and, in a decision issued on April 13, 2007, the ALJ concluded that Plaintiff was not disabled within the meaning of the SSA. R. at 277. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. R. at 209. Plaintiff then sought review by the District Court and, on March 1, 2010, United States Magistrate Judge D. Thomas Ferraro affirmed the Commissioner's final decision. *See Cook v. Astrue*, No. CV-08-636-TUC-DTF (D. Ariz.)

   B.     Second Application

In March 2010, Plaintiff filed an application for both DIB and SSI benefits, alleging disability since April 14, 2007. R. at 414, 421. After her applications were denied initially and on reconsideration, she requested a hearing before an ALJ. R. at 278, 282, 289, 292, 296. On November 21, 2011, Plaintiff appeared with counsel

and testified before ALJ George W. Reyes. R. at 95-131. By order dated February 3, 2012, the ALJ concluded that Plaintiff was not disabled at step four. R. at 216-229. On August 29, 2013, the Appeals Council granted Plaintiff's request for review and remanded her claims to an ALJ for readjudication. R. at 235-37.

After remand, Plaintiff appeared with counsel and testified again before ALJ Reyes. R. at 67-95. In addition, Ruth Van Vleet testified as a vocational expert ("VE"). R. at 83-93. On March 28, 2014, the ALJ rendered a partially favorable decision. R. at 23-38. The ALJ found that Plaintiff had severe impairments of status post cervical fusion, obesity, fibromyalgia, affective disorder, and an anxiety disorder. R. at 26. However, the ALJ determined that Plaintiff was not disabled from April 14, 2007 through October 1, 2012 because she could perform her past relevant work as a substance abuse counselor as that job is generally performed. R. at 36-37. However, for the period from October 1, 2012 through March 28, 2014, the ALJ found that Plaintiff could not perform any past relevant work and was disabled pursuant to the Medical-Vocational Guidelines. R. at 37-38. The ALJ thus found Plaintiff was not entitled to DIB (because she was not disabled on or before the date she was last insured, September 30, 2009), but that she was disabled for SSI purposes as of October 2, 2012. R. at 38.

On September 5, 2014, the ALJ's March 28, 2014 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. R. at 1. This appeal followed.

## II. STANDARD OF REVIEW

For purposes of Social Security benefits determinations, a disability is defined as:

> The inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Whether a claimant is disabled is determined using a five-step evaluation process. It is claimant's burden to show (1) he has not worked since the alleged disability onset date, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from doing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the inquiry ends. If the claimant satisfies his burden though step four, the burden shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

In this case, Plaintiff was denied at step four of the evaluation process. At step four of the evaluation, a claimant has the burden of showing that she can no longer perform her past relevant work. *Lewis*, 281 F.3d at 1083 (citing *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001)); 20 C.F.R. § 404.1520(e). Residual functional capacity is defined as that which an individual can still do despite her limitations. 20 C.F.R. § 404.1545. If the ALJ concludes the claimant has the RFC to

4

1 perform past work, the claim is denied. 20 C.F.R. § 404.1520(f). An RFC finding is
2 based on the record as a whole, including all physical and mental limitations, whether
3 severe or not, and all symptoms. Social Security Ruling (SSR) 96–8p.

4     The ALJ's decision to deny disability benefits will be vacated "only if it is not
5 supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec.*
6 *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Substantial evidence is "more than a mere
7 scintilla but less than a preponderance; it is such relevant evidence as a reasonable
8 mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108
9 F.3d 978, 980 (9th Cir. 1997). In evaluating whether the decision is supported by
10 substantial evidence, the Court must consider the record as a whole, weighing both
11 the evidence that supports the decision and the evidence that detracts from it.
12 *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see* 42 U.S.C. § 405(g)
13 ("findings of the Commissioner of Social Security as to any fact, if supported by
14 substantial evidence, shall be conclusive"). If there is sufficient evidence to support
15 the Commissioner's determination, the Court cannot substitute its own determination.
16 *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir.1990).

17 **III.   DISCUSSION**

18     **A.   Dr. Hassman's opinion**

19     Plaintiff alleges that the ALJ erroneously evaluated the opinion of examining
20 physician, Jeri Hassman, M.D. After examining Plaintiff on December 22, 2010, Dr.
21 Hassman completed a Medical Source Statement of Ability To Do Work-Related
22 Activities (Physical). R. at 714-717. In the Statement, Dr. Hassman indicated that

5

1  Plaintiff's conditions would impose limitations "for 12 continuous months."  R. at
2  714.  The doctor opined that in an eight hour day, Plaintiff could occasionally lift 10
3  pounds and frequently lift less than 10 pounds.  Addressing limitations in standing,
4  walking and sitting, the Dr. Hassman indicated that Plaintiff had the ability to do so
5  for "6-8 hours in an 9 hour day," but she would need to "change position at least
6  every forty-five minutes for at least five minutes."  R. at 715.  The doctor also
7  indicated that Plaintiff had a limited ability to see, but an unlimited ability to hear and
8  speak, and that she could occasionally climb, stoop, kneel, crouch or crawl, but
9  should never use a ladder or crawl.  R. at 716.  Finally, Dr. Hassman indicated that
10  Plaintiff should not work around heights, moving machinery, extremes in
11  temperature, chemicals, dust/fumes or gases.  R. at 716.

12       In the Decision, the ALJ stated that "Dr. Hassman opined that the claimant
13  was capable of a range of sedentary work."  R. at 35.  Plaintiff contends that this
14  conclusion ignores Dr. Hassman's statement that Plaintiff "need[ed] to be able to
15  change position at least every hour for at least five minutes."  *Opening Brief*, pp. 8-9.
16  By ignoring that part of the opinion, Plaintiff contends, the ALJ failed to fully
17  examine Dr. Hassman's opinion about sustained work, did not provide the required
18  specific evidence to reject that part of the opinion, and failed to recognize that Dr.
19  Hassman's opinion was supported by her own clinical findings.  *Id*., pp. 9-11.

20       As the Commissioner recognizes, the only portion of Dr. Hassman's opinion
21  that was not incorporated into the ALJ's RFC assessment was the need to be able to
22  change position "at least every hour for at least five minutes."  That portion of Dr.

6

Hassman's opinion, the Commissioner contends, was properly rejected because "[t]he ALJ articulated that Dr. Hassman's opinion was contradicted by later record evidence and undermined by the doctor's lack of access to Plaintiff's medical records." Under the circumstances of this case, the Court finds that the general statements cited by the Commissioner are not enough to support the ALJ's decision.

First, the opinions of examining physicians, like those of treating physicians, are given more weight than the opinions of a non-examining physicians, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), and the ALJ must provide clear and convincing reasons supported by substantial evidence for rejecting a treating or an examining physician's uncontradicted opinion. *Id.*; *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Even where the examining physician's opinion is controverted, the ALJ cannot reject the controverted opinion without providing specific and legitimate reasons that are supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Reddick*, 157 F.3d at 725. The ALJ did not satisfy that burden here.

The ALJ never mentions in the Decision that Dr. Hassman believed that Plaintiff would have to change position at least every hour for at least five minutes. By not doing so, the Court cannot with any level of confidence conclude that the limitation was rejected at all, or if it was, on what basis. In fact, by not mentioning the limitation, the Court is left to ponder whether the ALJ found it not credible or merely omitted it due to oversight. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can reject examining physician's opinion "by setting out a detailed and

thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."). Thus, as it stands, the Decision does not contain the specific and legitimate reasons that would support the rejection of Dr. Hassman's opinion on this point. *Bayliss v. Barnhart*, 427 F.3d at 1216; *Reddick*, 157 F.3d at 725.

Of course the omission would be of no import if, even if considered, it would not impact Plaintiff's RFC and employability. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). However, at the hearing before the ALJ, Plaintiff's counsel included the limitation in the hypothetical she offered to the VE, who responded:

> I believe based on my understanding of your hypothetical, yes. With the change of every 45 minutes and having to take a few minutes break, I think you said up to 5 minutes out of an hour, it's going to start to decrease her ability to work on a full-time basis.

R. at 93. With this testimony in the record, it is apparent that the limitation, if not rejected by the ALJ, would have some impact on the ALJ's decision. Thus, because the limitation was not expressly disregarded in the Decision and was not included in the ALJ's hypothetical to the VE, the Court cannot fully and confidently examine the ALJ's RFC determination.

**B.     Limitations in concentration, focus and memory**

**1.     The ALJ's finding**

In the Decision, the ALJ found that, "due to her psychological impairments, [Plaintiff] also has moderate difficulty with concentrating, focusing, and memory that are, or can be, controlled with medication without significant side effects." R. at 31-32. Plaintiff objects to the finding, asserting that it is susceptible to two different interpretations. *Opening Brief*, p. 16. The two interpretations offered by Plaintiff are:

> First, the ALJ may have meant that [Plaintiff] actually had moderate difficulty with concentrating, focusing, and remembering, i.e., that [Plaintiff] actually had a limited ability to concentrate, focus, and remember. [Plaintiff ] calls this the First Interpretation.
>
> Second, the ALJ may have meant that [Plaintiff] did not have any deficit with respect to concentration, focus or memory because whatever deficit she had was controlled or could be controlled by medications without significant side effects. [Plaintiff] refers to this as the Second Interpretation.

*Id*. Plaintiff then proceeds to argue that, under either interpretation, the ALJ erred. Specifically, she contends that, under the First Interpretation, she was precluded from performing her past relevant work, and under the Second Interpretation, the ALJ's Decision was not supported by substantial evidence. On this point, however, the Court finds that the ALJ's statement was clear and that neither the First Interpretation nor the Second Interpretation accurately reflects the ALJ's finding.

As does the Commissioner, the Court finds the ALJ's statement unambiguous: the Plaintiff has "moderate difficulty with concentrating, focusing, and memory that

9

are, or can be, controlled with medication without significant side effects." The statement is clear in the Decision and it was clearly presented to the VE. R. at 86.

### 2. The ALJ's evaluation of Dr. Peck's opinions

Plaintiff next urges the Court to find that the ALJ erred in his evaluation of the opinion of Denny Peck, Ph.D. Dr. Peck diagnosed chronic PTSD in partial remission, ADHD, depressive disorder, cognitive disorder, histrionic personality traits, and a GAF of 55. R. at 917. Based on his evaluation of Plaintiff, Dr. Peck concluded that "[t]he combination of impairments rise to the level of severe impairment and meet the guidelines from the Social Security Administration. [Plaintiff] is unable to work in any position that [sic] she has experience or training." R. at 919. Dr. Peck then indicated that, although she had prior episodes of decompensation, Plaintiff became disabled in January 2005. R. at 919.

In the Decision, the ALJ gave "limited weight" to Dr. Peck's opinions, finding them "too restrictive in light of the overall evidence . . . ." R. at 29. Plaintiff argues that the evidence cited by the ALJ does not undermine Dr. Peck's opinions. In making her argument, however, Plaintiff parses the support cited by the ALJ and contends that several specific entries do not support the ALJ's conclusion. However, in doing so, she merely offers her interpretation of the record, which does not undermine the specific and legitimate reasons offered by the ALJ in support of his Decision.

In the Decision, the ALJ states that Dr. Peck's assessment did not "address or account for the fact that the claimant traveled 'often' between Tucson and New

1    Mexico to visit her fiancé," that she often took care of her sick fiancé, and that her

2    GAF scores reported through COPE indicated no more than mild symptoms."

3    Plaintiff contends that the ALJ did not explain how any of those statements undercut

4    Dr. Peck's opinions.  Dr. Peck opined that Plaintiff's "psychiatric impairments with

5    her physical diagnoses make it impossible to work at any employment."  R. 919.  In

6    light of that opinion, it was legitimate for the ALJ to note that Dr. Peck did not

7    mention Plaintiff's physical activities and to note her GAF scores did not appear to

8    support the degree of limitation described by Dr. Peck.  Similarly, Dr. Peck reported

9    that Plaintiff was hostile.  It was therefore legitimate for the ALJ to note that she had

10   been reported as having a "good sense of humor and was smart and confident."  R. at

11   29.

12          Plaintiff contends it was error for the ALJ to rely on the April 19, 2005

13   opinion of Thomas McCabe, Ph.D (R. at 959-962) because it predates her alleged

14   onset date.  However, as the Commissioner points out, Dr. Peck stated that Plaintiff

15   became disabled in January 2005.  R. at 919.  Thus, because it was prepared during

16   the period for which Dr. Peck found Plaintiff disabled, Dr. McCabe's evaluation was

17   relevant to evaluating Dr. Peck's overall opinion.

18          Plaintiff argues that the evaluation performed in November 2010 by Judith

19   Kroese, Ph.D., could not properly be used to devalue Dr. Peck's opinions because

20   "Dr. Kroese did not appreciate that [Plaintiff] had PTSD, ADHD, psychological

21   factors affecting physical condition, and histrionic traits."  *Opening Brief*, p. 22.

22   Plaintiff's contention ignores that, despite not diagnosing each of Plaintiff's alleged

psychiatric conditions, Dr. Kroese was aware of Plaintiff's prior medical and psychiatric history and in fact expressly referenced allegations of PTSD (R. at 704) and ADHD (R. at 705). That Dr. Kroese did not diagnose those maladies is not evidence that her opinion could not be used to evaluate Dr. Peck's opinions. To the contrary, it was perfectly legitimate for the ALJ to point out the discrepancies between the two doctors' opinions.

Thus, the ALJ's findings provide a specific and legitimate basis to discount Dr. Peck's opinion in favor of other opinions which the ALJ found were better supported by the evidence and more consistent with the record as a whole. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). Because the ALJ's partial rejection of Dr. Peck's opinion is supported by substantial evidence, the Court finds that the ALJ did not improperly discount it.

### C. Evaluation of Plaintiff's Testimony

The ALJ must support his credibility determination "with specific, clear and convincing reasons." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir.2011). "The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-

1 guessing." *Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks
2 omitted).

3       In relation to the ALJ's credibility assessment, Plaintiff argues that the ALJ
4 was wrong to use her activities "without explaining how one of those activities
5 contradicted any specific allegation she made," and because he "did not identify any
6 activity in which [Plaintiff] engaged that had any relevance to her highly skilled past
7 relevant work as a substance abuse counselor." *Opening Brief*, p, 24. These
8 arguments do not support a finding of error.

9       First, there is nothing in the Decision that indicates that the ALJ was
10 evaluating Plaintiff's psychiatric, rather than physical, limitations when discussing
11 her activities of daily living. In the Decision, the ALJ found that Plaintiff's
12 impairments included status post cervical fusion, obesity, and fibromyalgia. R. at 26.
13 Her activities, which included travel, volunteer work, and taking care of her fiancé,
14 are certainly relevant to her physical impairments. Thus, the ALJ's purported failure
15 to link her activities to her ability to work as a substance abuse counselor was not
16 necessary.

17       Second, Plaintiff's argument entirely ignores a number of other reasons the
18 ALJ cited in his credibility analysis. The ALJ reiterated and adopted the credibility
19 analysis from her previous application, which was found by the District Court to be
20 supported by substantial evidence, and augmented it with his own, updated analysis.
21 The reasons cited include not only the inconsistencies between Plaintiff's testimony
22 and her activities of daily living, but also inconsistency with the medical record and

1 sparse treatment. Plaintiff makes no argument related to those findings. These 2 constitute substantial evidence and support the ALJ's decision and without any 3 argument to the contrary, render harmless any improper reliance on Plaintiff's 4 activities of daily living. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 5 1190, 1197 (9th Cir. 2004).

6 **D. Lay witness testimony**

7 The ALJ rejected the opinion of Larry Whitmer, Plaintiff's fiancé. In support 8 of his evaluation, the ALJ first noted that the statement "basically supports the 9 allegations of the claimant that she has disabling limitations," and then found the 10 statement was "not substantiated by the overall medical evidence and activities of 11 daily living," and did not "provide persuasive evidence that the [Plaintiff] was able to 12 function to a lesser extent than that determined in the residual functional capacity." 13 R. at 35.

14 Lay testimony such as that offered by Mr. Whitmer must be taken into account 15 unless the ALJ "expressly determined to disregard such testimony and gives reasons 16 germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 17 2011). If the ALJ gives germane reasons for rejecting testimony by one witness, the 18 ALJ need only point to those reasons when rejecting similar testimony by a different 19 witness. *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 694 (9th 20 Cir. 2009.

21 In the Decision, the ALJ rejects the testimony of Mr. Whitmer as inconsistent 22 with Plaintiff's activities of daily living and because it was not substantiated by the

14

medical evidence. An ALJ may not reject lay testimony solely because it is not supported by objective medical evidence. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). However, where, as here, "lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). The ALJ's clear and convincing reasons for rejecting Plaintiff's subjective testimony, as discussed above, apply with equal force to the testimony of her fiancé. Thus, the ALJ did not err in evaluating his testimony.

**E. Remedy**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order an immediate award of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Ordinarily, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional proceedings. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). Generally, an award of benefits is appropriate only when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before the determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Here, an outstanding issue remains to be resolved. On remand, the ALJ must reevaluate Dr. Hassman's opinion and provide his interpretation thereof. In light of that evaluation, the ALJ may also find it necessary to reevaluate Plaintiff's RFC and work abilities. As such, the Court recommends that this matter be remanded.

## IV.    RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, enter an order grating Plaintiff's request to reverse the Commissioner's final decision and remand to the ALJ to conduct further proceedings.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. No reply briefs shall be filed unless

leave to do so is granted by the district court. If any objections are filed, this action should be designated case number: **CV 14-2408-TUC-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

Dated this 28th day of August, 2015.

Jacqueline M. Rateau
United States Magistrate Judge