1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

8

Rena Cook,                                    )
                                              )
9
                    Plaintiff,                )
                                              )
10
v.                                            )          CV 14-2408 TUC DCB
                                              )
11                                            )          **O R D E R**
Carolyn W. Colvin, Acting Commissioner of)
12 Social Security Administration,            )
                                              )
13                  Defendant,                )
                                              )
_____ )

14      This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to Rules

15 of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil)

16 72.1(a), and she issued a Report and Recommendation (R&R) on August 28, 2015.  (Doc. 24:

17 R&R)**.**  She recommends remanding the case to the Administrative Law Judge (ALJ) for further

18 proceedings on Plaintiff's Application for Social Security Disability Insurance Benefits.

19                                    STANDARD OF REVIEW

20      The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set

21 forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district

22 court may "accept, reject, or modify, in whole or in part, the findings or recommendations made

23 by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).  When the parties object

24 to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions

25 of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985)

26 (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need

27 to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United*

28 *States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). No objections have been filed.

## REPORT AND RECOMMENDATION

United States Magistrate Judge Rateau considered the following issues: 1) whether the ALJ accorded appropriate weight to examining physician testimony; 2) whether substantial evidence supported the ALJ's findings regarding Plaintiffs ability to concentrate and remember; 3) whether substantial evidence supported the ALJ's evaluation of lay-witness statements, and 4) whether the ALJ properly evaluated the Plaintiff's credibility.  The Magistrate Judge found substantial evidence did support the ALJ's findings regarding concentration.  She found the ALJ properly evaluated the Plaintiff's credibility, and the ALJ's well-supported reasons for rejecting the claimant's testimony applied equally to the lay witness testimony.  The Magistrate Judge, however, found remand was necessary because the ALJ failed to even mention the examining physician Dr. Hassman's opinion that Plaintiff would have to change her sitting position at least every hour for at least five minutes.  Remand is necessary because, as the vocational expert testified, such a limitation would start to decrease her ability to work on a full-time basis.  "With this testimony in the record, it is apparent that the limitation, if not rejected by the ALJ, would have some impact on the ALJ's decision."  (R&R (Doc. 24) at 8.)

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived.  *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §  636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for further consideration of Dr. Hassman's opinion and to provide his interpretation therof. In light of the evaluation on remand, it may also be necessary to reevaluate Plaintiff's RFC and work abilities.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** remanding this case for further administrative proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 29th day of October, 2015.

David C. Bury
United States District Judge